```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| ex rel. SHAWN BATES et al. | : | |
| | : | |
| v. | : | |
| | : | |
| DENTSPLY INTERNATIONAL, INC. | : | NO. 12-7199 |

MEMORANDUM

Bartle, J.                                          October 15, 2014

        This is an action under the False Claims Act ("FCA"), 31 U.S.C. § 3729.[1] On September 4, 2014 this court granted in part and denied in part defendant's motion to dismiss relators' second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its Order, the court dismissed the claims of two of the relators, Shawn Bates and Edward Josefoski, for retaliation under the FCA. Bates and Josefoski are former employees of defendant Dentsply International, Inc. ("Dentsply"). Now before the court is the motion of relators for reconsideration as to these claims.

        In its accompanying Memorandum to its September 4, 2014 Order, this court relied on the decision of our Court of Appeals in <u>Hutchins v. Wilentz, Goldman & Spitzer</u>, 253 F.3d 176 (3d Cir. 2001) for the proposition that "[a] claim for retaliation under the FCA will not lie unless the employer has been put on notice

---

1. A claim under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1, et seq. also remains.

of the 'distinct possibility' of FCA litigation." United States ex rel. Bates v. Dentsply Int'l, Inc., No. 12-7199, 2014 WL 4384503 at *9 (E.D. Pa. Sept. 4, 2014) (quoting Hutchins, 253 F.3d at 188).  This court continued:

> In our view, neither Bates nor Josefoski has sufficiently alleged that they put Dentsply on notice of the distinct possibility of FCA litigation.  While they expressed "concerns" to management about company practices, they do not allege that they ever used the terms "illegal," "unlawful," or "qui tam action," and never informed anyone at Dentsply that they intended to contact the government about false claims.

Id. at *10.

In order to succeed on a motion for reconsideration, the relators must show that one of three conditions exists:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Relators have not pointed to an intervening change in the controlling law or the availability of new evidence not available when the court dismissed the retaliation claims. Instead, relators contend there is a need to correct a clear error of law or fact or to prevent manifest injustice.

In essence, relators assert that in their brief in opposition to defendant's motion to dismiss their second amended complaint they requested the right to amend their retaliation claims to met any deficiency the court might find. Relators identified no specifics.[2] Nor was an amended pleading attached for the court's or opposing counsel's consideration. In relators' view, it was clear error for the court to ignore their request.

Relators' bare request fails for two reasons. First, such a request, which does not set forth the particular grounds for an amendment, is not a motion under Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendments to pleadings. Second, relators did not attach a copy of the proposed amended pleading. United States ex rel. Zizic v. Q2Administrators LLC, 728 F.3d 228, 243 (3d Cir. 2013); United States ex rel. Wilkins v. United Health Group, Inc., 659 F.3d 295, 315 (3d Cir. 2011). Under the circumstances, the court did not abuse its discretion in not sua sponte allowing any amendment. United States ex rel. Zizic, 728 F.3d at 243; United States ex rel. Wilkins, 659 F.3d at 315.

Even if the procedure used by relators were proper, defendants maintain that any amendment would be futile. Rule

---

2. At page 25 of their Memorandum of Law in Opposition to Dentsply International's Motion to Dismiss Second Amended False Claims Act Complaint (Doc. #63), relators simply state, "Should the Court dismiss any aspect of Relators' Complaint, it should do so without prejudice and grant leave to amend. . . . Should the Court find that any aspect of Relators' Complaint is lacking, fairness dictates that she [sic] be given an opportunity to address any such deficiency."

15(a)(2) of the Federal Rules of Civil Procedure provides that "the court should freely give leave [for an amendment] when justice so requires."  In Foman v. Davis, the Supreme Court explained that the district court is under no obligation to allow an amendment when it would be futile to do so.  371 U.S. 178, 182 (1962).  While this court is handicapped in not having before it a copy of the exact amendment the relators propose, the relators rely on a number of exhibits they have attached to their supporting brief.  None of the exhibits, however, supports the notion that relators put Dentsply, their employer, "on notice of the 'distinct possibility' of False Claims Act litigation." Hutchins, 253 F.3d at 188.  Rather, the documentation, which consists of e-mails, deals with personal employment issues the relators outlined to Dentsply.  Some of the e-mails included general accusations of discrimination, harassment, fraud, criminal activity, and retaliation.  None references any cheating of or harm to the federal government caused by Dentsply.  None can reasonably be construed to concern false claims under the FCA and thus none can cure the deficiencies in the retaliation claims in the second amended complaint.  Any third amended complaint would be futile.

     The court made no clear error of law or fact, and no manifest injustice has occurred.  The motion of relators for reconsideration of the court's September 4, 2014 Order and Memorandum will be denied.