IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          CIVIL ACTION
ex rel. SHAWN BATES, et al.       :
                                  :
          v.                      :
                                  :
DENTSPLY INTERNATIONAL, INC.      :          NO. 12-7199


MEMORANDUM

Bartle, J.                                   April 11, 2016

          This is a qui tam action.  Before the court is the
motion of defendant Dentsply International, Inc. ("Dentsply")
for summary judgment on the remaining claims of plaintiffs-
relators Shawn Bates, Edward Josefoski, and Roberta Lesser
(collectively "the relators").  Bates and Josefoski are former
employees of Dentsply while Lesser is a current employee.
Dentsply is in the business of designing, developing,
manufacturing, and marketing professional dental products,
including consumable, laboratory, and specialty products.

          We have previously dismissed all claims of the
relators in their second amended complaint except: Count I
claiming Dentsply caused the presentation of false claims in
violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729;
Count II alleging Dentsply made or used false records or
statements to cause claims to be paid in violation of the FCA;
and Count XXVII asserting violation of the Virginia Fraud

Against Taxpayers Act, Va. Code § 8.01-216.1 et seq.[1]  See <u>United States ex rel. Bates v. Dentsply Int'l, Inc.</u>, 2014 WL 4384503, at *10-11 (E.D. Pa. Sept. 4, 2014).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254 (1986).  Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  <u>See</u> <u>id</u>. at 252. "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." <u>Id</u>.

When ruling on a motion for summary judgment, we may only rely on admissible evidence.  <u>See, e.g.</u>, <u>Blackburn v. United Parcel Serv., Inc.</u>, 179 F.3d 81, 94-95 (3d Cir. 1999).  We view the facts and draw all inferences in favor of the nonmoving party.  <u>See</u> <u>In re Flat Glass Antitrust Litig.</u>, 385 F.3d 350, 357 (3d Cir.

---

1.  Defendants Astrazeneca and Astra Tech (Wellspect Healthcare) were previously dismissed from this action.

2004).  However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment."  Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990).

"A party asserting that a particular fact cannot be or is genuinely disputed must support the assertion by [ ] citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  See Fed. R. Civ. P. 56(c)(1).  In reviewing a motion for summary judgment, the court may consider any materials in the record but is not required to look beyond those materials cited by the parties.  See Fed. R. Civ. P. 56(c)(3).  It is not the responsibility of the court to "comb the record in search of disputed facts."  See N.J. Carpenters Pension Fund v. Hous. Auth. & Urban Redevelopment Agency, 68 F. Supp. 3d 545, 549 (D.N.J. 2014).  Our Court of Appeals has emphasized that "'[j]udges are not like pigs, hunting for truffles buried in' the record." Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

In Counts I and II of the second amended complaint, relators allege that Dentsply violated the FCA by engaging in various illegal marketing activities that caused dental

providers to submit false claims to government healthcare programs and by providing bribes and kickbacks to those dental providers in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b.

Dentsply counters that the relators cannot prove a violation of the FCA or the Anti-Kickback Statute because they have not identified a single claim for reimbursement that was submitted to any government healthcare program connected to Dentsply's marketing practices. Further, according to Dentsply, the relators have no evidence that any of its marketing practices were directed at providers that submitted claims for government reimbursement. Thus, Dentsply asserts that the relators cannot prove that any claims for reimbursement exist or that any claims were false, caused by Dentsply, or the result of knowing actions taken by Dentsply.

To establish their claim under § 3729(a)(1)(A) of the FCA, the relators "must prove that '(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent.'" See United States ex rel. Quinn v. Omnicare, Inc., 382 F.3d 432, 438 (3d Cir. 2004) (emphasis added). As for a claim under § 3729(a)(1)(B), the relators must prove that Dentsply "knowingly ma[de], use[d], or cause[d] to be made or used, a

-4-

false record or statement material to <u>a false or fraudulent</u>
<u>claim</u>."  <u>See</u> § 3729(a)(1)(B) (emphasis added).  A claim is "any
request or demand . . . for money or property . . . that . . .
is presented to an officer, employee, or agent of the United
States."  § 3729(b)(2); <u>see also</u> <u>United States ex rel. Wilkins</u>
<u>v. United Health Grp., Inc.</u>, 659 F.3d 295, 303 (3d Cir. 2011).

       The defendant is entitled to summary judgment if the
relators "never provided a single false claim was actually
submitted."  <u>See</u> <u>Quinn</u>, 382 F.3d at 440 (citing <u>United States ex</u>
<u>rel. Clausen v. Lab. Corp. of Am., Inc.</u>, 290 F.3d 1301, 1312
(11th Cir. 2002)).  Thus, in <u>Quinn</u>, our Court of Appeals "held
that the district court correctly granted the defendant's
Federal Rule of Civil Procedure 56(f) motion for <u>summary</u>
<u>judgment</u> based on the plaintiff's failure to identify a single
claim for payment to the Government arising from defendant's
alleged Medicare fraud."  <u>See</u> <u>Wilkins</u>, 659 F.3d at 308 (citing
<u>Quinn</u>, 382 F.3d at 440).  Although the defendant in <u>Quinn</u>
"admit[ted] that approximately 60 percent of its business" came
from Medicaid reimbursements, our Court of Appeals found that
the relator had not met his burden under the FCA where he "did
not come forward with a single claim that [the defendant]
actually submitted to Medicaid."  <u>See</u> <u>Quinn</u>, 382 F.3d at 440.
The relators were required to "link [the defendant's] . . .
practices to the actual submission of a false claim."  <u>See</u> <u>id.</u>

"Without proof of an actual claim, there is no issue of material fact to be decided by a jury."  Id.

Here, as in Quinn, the relators have not pointed to even a scintilla of evidence in the record demonstrating that Dentsply or a dental healthcare professional influenced by Dentsply submitted a claim for reimbursement to the federal government.  Even though Dentsply's summary judgment brief highlights this evidentiary void, the relators ignore this point entirely in their responsive brief.  Instead, the relators focus on Dentsply's marketing and promotion practices.  They speculate in general terms that Dentsply caused fraudulent claims for reimbursement to be made because some dental professionals who used Dentsply products accepted government reimbursement for services performed on some subset of their patients.  This is insufficient to proceed with their FCA claims.[2]

If any claim for reimbursement caused by Dentsply's practices exists, the relators were required to "cit[e] to particular parts of materials in the record" demonstrating as much.  See Fed. R. Civ. P. 56(c)(1).  As our Court of Appeals has

---

2.  Moreover, the relators do not dispute Dentsply's representation that "[n]one of the states in which the providers identified in the [second amended complaint] are located provide Medicaid coverage for dental implants."  The relators also do not challenge that endodontic coverage is not available under Medicaid expect in limited circumstances.  As for Medicare, they do not dispute that dental coverage is only available in very limited circumstances related to inpatient hospital services.

emphasized, "'[j]udges are not like pigs, hunting for truffles buried in' the record." <u>Doeblers' Pa. Hybrids, Inc.</u>, 442 F.3d at 820 n.8 (quoting <u>Dunkel</u>, 927 F.2d at 956).  Because the relators have cited no "proof of an actual claim, there is no issue of material fact to be decided by a jury."  <u>See</u> <u>Quinn</u>, 382 F.3d at 440.

Finally, Count XXVII alleges a violation of the Virginia Fraud Against Taxpayers Act, Va. Code. § 8.01-216.1. This state statute is based on the federal FCA, and Virginia courts look to the federal FCA for guidance in construing it. <u>See</u> <u>Lewis v. City of Alexandria</u>, 756 S.E.2d 465, 479 n.4 (Va. 2014).  As is the case with their FCA claims, relators have presented no evidence of any violation of the Virginia Fraud Against Taxpayers Act.

Accordingly, we will grant the motion of Dentsply International, Inc. for summary judgment against relators Shawn Bates, Edward Josefoski, and Roberta Lesser on Counts I, II and XXVII of their second amended complaint.